IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICKEY L. VELAZQUEZ,

        CASE NO. 2:16-cv-494
Petitioner,        CRIM. NO. 2:13-cr-217

    v.        JUDGE JAMES L. GRAHAM
        **Magistrate Judge Kemp**

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The case is before the Court on the motion (Doc. 173) and the United States' response (Doc. 175). For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

### I. Facts and Procedural History

This criminal case began when the grand jury indicted Petitioner and another individual, Raphael D. Person, Jr. on five counts of criminal conduct relating to a scheme to rob individuals who had posted vehicles for sale on Craigslist. The two were accused of agreeing to buy the vehicles, paying money for them, and then robbing the victims of the money while keeping the vehicles. In addition to a conspiracy count, the indictment alleged two Hobbs Act (18 U.S.C. §1951) violations and two violations of 18 U.S.C. §924(c), which punishes the carrying, possession, or use of firearms in connection with a crime of violence. Doc. 27.

After entering a not guilty plea at his arraignment, Petitioner changed his plea to guilty as to all five counts of the indictment. A sentencing hearing was held on June 12, 2015 at which the Court sentenced Petitioner to 41 months of imprisonment on the conspiracy count and the two Hobbs Act counts, to run concurrently, to 120 months of imprisonment on counts three (the first of the two §924(c) counts), to run consecutively to the sentence on counts one, three, and four, and to 199 months of imprisonment on the other §924(c) count, also to run consecutively, for a total prison term of 360 months. (Doc. 111). Petitioner did not appeal his sentence. In his plea agreement, Petitioner agreed to this sentence, and waived not only his right to appeal but his right to "challenge the sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255." He reserved the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct, however. (Doc. 90).

On June 3, 2016, Petitioner filed his motion to vacate. Petitioner asserts that his convictions for carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) are unconstitutional under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015). He also asserts that a Hobbs Act conviction does not qualify as a "crime of violence" as that term is used in §924(c). In its response, the United States contends that Petitioner's primary argument is foreclosed by the Court of Appeals' decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), which held that the Supreme Court's *Johnson* ruling does not affect the validity of convictions under the residual clause of §924(c). The United States also argues that the waiver of collateral remedies contained in the plea agreement should be enforced.

2

## II. Discussion

In *Johnson v. United States*, 135 S.Ct. at 2551, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Under the ACCA, a criminal defendant who is found guilty of possessing a firearm after having been convicted on three or more convictions of a "serious drug offense" or a "violent felony" is subject to a mandatory minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2) (Emphasis added). The italicized portion of subsection (ii) is known as the "residual clause," and it is the section of the statute that *Johnson* found to be unconstitutionally vague.

18 U.S.C. § 924(c)(1)(A), which is not part of the ACCA, criminalizes the use, possession, or carrying of a firearm, "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. This statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.' " *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015)(footnote omitted).  It is similar to, but worded slightly differently than, the residual clause of the ACCA.  Petitioner asserts that because of that similarity, this "residual clause" is also unconstitutionally vague, and that his §924(c) convictions must be invalidated.

Despite the similarities in the two statutes at issue, the United States Court of Appeals for the Sixth Circuit has rejected Petitioner's argument that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague based on the reasoning of the Supreme Court in *Johnson*.  In *United States v. Taylor, supra*, the Court of Appeals was faced with this situation.  The defendant had been convicted of multiple offenses including carjacking resulting in death, murder by use of a firearm during and in relation to carjacking, kidnaping resulting in death, and murder by use of a firearm during and in relation to kidnaping.  The two firearms offenses arose under §924(c)(3)(B).  Defendant challenged those convictions under *Johnson*, arguing, as Petitioner does here, that the residual clause of §924(c) is unconstitutionally vague.  In rejecting that argument, the *Taylor* court held that "[t]here are significant differences making the definition of 'crime of violence' in § 924(c)(3)(B) narrower than the

4

definition of 'violent felony' in the ACCA residual clause." *Id*. at 376.  It noted that §924(c)'s emphasis on the risk of the use of physical force in the course of committing another offense "is much more definite than the risk of physical injury to a victim." *Id*. at 376-77.  Also, tying a §924(c) conviction to a risk of physical force that arises during the course of the commission of the predicate offense "effectively requires that the person who may potentially use physical force be the offender." *Id*. at 377.  Finally, the predicate felony offense must be one which "'by its nature' involves the risk that the offender will use physical force." *Id*.  Because "[n]one of these narrowing aspects is present in the ACCA residual clause" the Court of Appeals rejected the proposition that the reasoning in *Johnson* also mandated invalidation of the residual clause of §924(c).  This Court is bound by the decision in *Taylor*, and consequently cannot grant Petitioner relief on his *Johnson* claim.

Petitioner also argues that his convictions for violations of 18 U.S.C. §1951 do not constitute crimes of violence within the meaning of 18 U.S.C. § 924(c).  However, this claim does not raise an issue under *Johnson.*  Instead, Petitioner argues that these convictions do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. –, 133 S.Ct. 2276 (2013),  and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010).   The Court does not believe this claim is meritorious.  *See, e.g.*, the excellent discussion of this issue in *United States v. Wells*, 2015 WL 10352877(D. Nev. Dec. 30, 2015), *adopted and affirmed* 2016 WL 697107 (D. Nev. Feb. 19, 2016); *see also United States v. McCallister*, 2016 WL 3072237, *7 (D.D.C. May 31,

5

2016)("The determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson*"). Nevertheless, both this claim and Petitioner's *Johnson* claim were waived in the plea agreement. The Court of Appeals has held that *Johnson* claims, even though they could not have been anticipated when a plea agreement was signed, can be validly waived in a plea agreement that forecloses the defendant from seeking collateral review. *See In re Garner*, 2016 WL 6471761 (6th Cir. Nov. 2, 2016), which declined to grant permission to file a successive §2255 motion raising a *Johnson* claim based on a waiver of collateral review set out in the plea agreement. Consequently, there is no basis upon which to grant Petitioner the relief he seeks.

### III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc.173 ) be **DENIED** and that this action be **DISMISSED**.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a

judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s Terence P. Kemp
United States Magistrate Judge