IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:13-cr-217-1

Mickey L. Velazquez

OPINION AND ORDER

Defendant pleaded guilty to the offense of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. §1951(a) (Count 1), two Hobbs Act robberies (Counts 2 and 4), and discharge of a firearm during and in relation to a crime of violence under 18 U.S.C. §924(c) (Counts 3 and 5). Pursuant to a binding sentence agreement under Fed. R. Crim. P. 11(c)(1)(C), defendant was sentenced to concurrent terms of incarceration of 41 months, on Counts 1, 2 and 4, a consecutive term of incarceration of 120 months on Count 3, and a consecutive term of incarceration of 199 months on Count 5, resulting in a total sentence of 360 months. According to the Bureau of Prisons ("BOP"), defendant's projected release date is October 15, 2038. See www.bop.gov/inmateloc/ (last visited June 14, 2021).

On June 25, 2020, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Doc. 251. Defendant argued that compassionate release was warranted due to the change in penalties for §924(c) counts under §403(a) of the First Step Act. He noted the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017), in which the Court held that courts can consider the length of a mandatory sentence required on a §924(c) count in deciding whether a downward variance in the sentence for

a predicate offense is appropriate.  Defendant also referred to his efforts at rehabilitation while incarcerated.  Defendant requested that his sentence be reduced to time served.

The government responded on July 20, 2020.  Doc. 256.  The government did not contest that defendant had exhausted his administrative remedies as required under §3582(c)(1)(A).  However, the government opposed the motion, arguing that defendant failed to show an extraordinary reason for compassionate release.  The government also noted that even if the change in the §924(c) penalties is applied in this case, defendant would still have several years remaining to serve on his sentence, and that defendant's request for release was premature.

Counsel was subsequently appointed to represent the defendant.  On October 2, 2020, counsel filed a motion for compassionate release on defendant's behalf.  Doc. 262.  In this motion, counsel argued that the change in §924(c) penalties constitutes an extraordinary reason sufficient to warrant a reduction in sentence.  This motion does not seek defendant's immediate release.  Rather, it requests that defendant's sentence be reduced to a total sentence of 281 months (23 years and 5 months) to reflect the First Step Act changes.

On October 8, 2020, the government filed a response in opposition to the motion.  Doc. 264.  The government continued to assert that the reduction in §924(c) penalties is not an extraordinary reason for a sentence reduction.  The government further argued that even if the reduction in §924(c) penalties does constitute an extraordinary reason, the court should not reduce defendant's sentence at this time, as information concerning

2

defendant's behavior while he continues to serve his sentence would be relevant to the court's analysis of the factors under 18 U.S.C. §3553(a).

I. Standards for Compassionate Release

Under §3582(c)(1)(A)(i), the court can reduce a sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

Although §3582(c)(1)(A) also requires that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" found in the United States Sentencing Guidelines, §1B1.13 and Application Note 1, the Sixth Circuit has held that the policy statements do not apply to cases in which an inmate files a motion for compassionate release, and that district courts have discretion to define what constitutes an "extraordinary and compelling" reason without consulting the policy statement. See Jones, 980 F.3d at 1111; United States v. Elias, 984 F.3d 516, 519-20 (6th Cir. 2021). Therefore, the court will not base its decision on whether defendant's reasons for a sentence reduction satisfy the policy statements.

3

II. Reasons for Compassionate Release

At the time of sentencing in this case, the §924(c) charge in Count 3 carried a consecutive term of 120 months imprisonment, and the §924(c) charge in Count 5 carried a consecutive term of 300 months imprisonment. Defendant argues that a sentence reduction is now warranted due to the changes in the §924(c) penalties under the First Step Act. The First Step Act, §403(a), amended the penalties specified in §924(c)(1)(C) by deleting the language "second or subsequent conviction" and substituting "violation of this subsection that occurs after a prior conviction under this subsection has become final." If defendant's case were brought today, he would be facing a consecutive term of 120 months on each of the two §924(c) counts (a total of 240 months). When added to the 41-month term on Counts 1, 2 and 4, this would result in a total sentence of 281 months.

The change in penalties under the First Step Act was not a mere "clarification" of prior law, but rather was a substantive change. United States v. Richardson, 948 F.3d 733, 748 (6th Cir. 2020). Under §403(b) of that Act, the amendment applies "to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>." §403(b) (emphasis supplied). Thus, Congress expressly chose not to apply this change to defendants who were sentenced before the passage of the First Step Act. Richardson, 948 F.3d at 745-46. This case presents the question of whether the change in §924(c) penalties may be considered as an extraordinary reason for a sentence reduction.

In United States v. Tomes, 990 F.3d 500 (6th Cir. 2021), the

Sixth Circuit addressed the issue of whether a comparable First Step Act change to certain mandatory minimum penalties for drug offenses under 21 U.S.C. §841, see First Step Act of 2018, §401, and 21 U.S.C. §841(b)(1)(A), could constitute an extraordinary reason for compassionate release. The court concluded that it could not. Id. at 505. As the Sixth Circuit observed, the First Step Act explicitly provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, §401(c). Noting that Tomes's sentence was imposed before the enactment of the First Step Act, the court rejected his argument that the §401 amendment could constitute an extraordinary reason for a sentence reduction in his case. Id. at 505. The court stated that "we will not render §401(c) useless by using §3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." Id. See also United States v. Wills, 997 F.3d 685, 688 (6th Cir. 2021)(§401 change in mandatory minimum drug penalties is not an extraordinary reason for a sentence reduction). Section §403(b) of the First Step Act, the non-retroactivity provision relating to the new §924(c) penalties, contains language identical to that found in §401(c), the non-retroactivity provision discussed in Tomes.

In United States v. Owens, 996 F.3d 755 (6th Cir. 2021), the court acknowledged that the same rule for compassionate-release motions would apply to sentence modifications based on both §401 and §403 of the First Step Act. Id. at 760, n. 30. The Owens court further concluded that under Tomes, a defendant could not rely solely on the amendment to the §924(c) penalties in attempting

5

to establish an extraordinary and compelling reason.  However, a majority of the panel decided that the First Step Act change to the §924(c) penalties could be considered along with other grounds in determining whether compassionate release was warranted.  Id. at 760-764.

Most recently, in United States v. Jarvis, 999 F.3d 442 (6th Cir. 2021), the Sixth Circuit again considered whether the First Step Act changes to the §924(c) penalties could constitute an extraordinary reason for a compassionate release reduction.  A majority of the panel followed Tomes and concluded that allowing §3582(c)(1)(A) to thwart Congress's retroactivity choices would render §403(b) useless.  Id. at 443-444.  The decision referred to the §924(c) changes as a "legally impermissible ground" for a sentence reduction.  Id. at 444.  The majority concluded that Tomes, which was decided before Owens, was the controlling authority.  Id. at 445-446 (citing Salmi v. Sec'y of Health & Hum. Servs., 774 F.2d 685, 689 (6th Cir. 1985)).  The majority held that Tomes "excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors."  Id. at 446.  The court noted, however, that where a defendant shows some other valid extraordinary and compelling reason for a sentence reduction, the district court may consider sentencing law changes in balancing the §3553(a) factors, particularly the seriousness of the offense and public safety.  Id. at 445; see also United States v. Maxwell, 991 F.3d 685, 688, 691 (6th Cir. 2021).

This court agrees with the reasoning of the majority in Jarvis as to why the change in §924(c) penalties cannot be considered as

6

a extraordinary reason for compassionate release, either by itself or when considered with other reasons.  However, even assuming that the change in penalties can be considered, the defendant's sentence on the two §924(c) counts is not extraordinary.  Any defendant sentenced for multiple §924(c) counts before the enactment of the First Step Act faced similar penalties.  See <u>United States v. Robinson</u>, No. 20-5929, 2021 WL 71545, at *2 (6th Cir. Jan. 6, 2021)(holding that district court did not abuse its discretion in denying release based on consecutive §924(c) counts on the ground that such long sentences were "commonplace" and not the kind of extraordinary and compelling reasons that warranted a reduction).

The court also notes that defendant did not receive the mandatory minimum penalty on Count 5, the second §924(c) count.  Rather, pursuant to a Rule 11(c)(1)(C) binding sentence agreement, defendant received a sentence of 199 months on Count 5, which was substantially less than the otherwise mandatory sentence of 300 months required at the time of sentencing.  In addition to this reduction, the plea agreement also provided that the sentence imposed in this case would run concurrently with the sentence of 22 years imposed by the Franklin County, Ohio, Court of Common Pleas in Case No. 14CR1713 following defendant's convictions for aggravated robbery, aggravated burglary and involuntary manslaughter.  Even assuming <u>arguendo</u> that a defendant who is sentenced pursuant to a Rule 11(c)(1)(C) agreement can apply for compassionate release based on a change in penalties, the fact that the already reduced penalty imposed on Count 5 was part of a carefully crafted global sentencing agreement weighs heavily against a finding that the statutory change in §924(c) penalties is an extraordinary circumstance in this case.  See <u>United States v.</u>

7

Starks, No. 06 CR 324-22, 2021 WL 496399, at *4 (N.D. Ill. Feb. 10, 2021)(court can consider the benefits defendant gained by entering a Rule 11(c)(1)(C) agreement, including certainty and reduction of risk, in deciding whether a reduction of sentence is appropriate). The court concludes that the change in §924(c) penalties does not present an extraordinary and compelling reason for a sentence reduction in this case.

In his pro se motion, defendant also cited Dean v. United States, in which the Supreme Court held that courts could consider the length of a defendant's mandatory sentence under §924(c) in deciding whether a downward deviation from the guideline range for the predicate offense is appropriate. Dean was decided after defendant was sentenced in this case. The ruling in Dean is a new rule of criminal procedure which is not retroactive on collateral review. Harper v. United States, 792 F. App'x 385, 394 (6th Cir. 2019). Even assuming that the procedural change announced in Dean can be considered in ruling on a motion under §3582(c)(1)(A)(i), it is not an extraordinary reason for a sentence reduction in this case because defendant was sentenced pursuant to a Rule 11(c)(1)(C) sentence agreement which was binding on the court.

Defendant, who is now 36 years old, has expressed no health concerns. He does rely on his rehabilitation while in prison. Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See 28 U.S.C. §994(t)("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist. See United States v. Daley, 484 F.Supp.3d 1171,

1175 (M.D. Fla. 2020). Defendant claims that he has no disciplinary record, has worked while incarcerated, and has taken educational courses. However, he has presented no documentary evidence concerning his conduct while incarcerated. The defendant has not shown that his alleged rehabilitation while incarcerated arises to an extraordinary level warranting a reduction in sentence.

The court concludes that defendant's grounds for a reduction in sentence, even if considered in combination, do not constitute an extraordinary and compelling reason for relief.

III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The court has considered the information in the presentence investigation report ("PSR") concerning defendant's personal history. Defendant's father was incarcerated when defendant was a child, and his mother struggled to support the family. Defendant moved to Columbus, Ohio, at the age of 16 to live with his brother, and he worked at his brother's tattoo business. Defendant is divorced and has 2 children. Defendant accepted responsibility for the offenses charged in this case, and he testified at the trial of his co-defendant, Raphael Person.

Defendant correctly notes that at the time of sentencing, he was in Criminal History Category I (his only prior conviction was for disorderly conduct in 2010). However, defendant embarked on a course of serious criminal conduct when, at the age of 26, he became involved in the conspiracy to commit Hobbs Act robberies charged in this case. The conspirators devised a plan to rob individuals who posted their vehicles for sale on Craigslist by confronting the sellers at gunpoint after the vehicles were

9

purchased and stealing back the cash which was used to purchase the vehicles.  In the offense charged in Count 2, defendant contacted the sellers to arrange a location for the cash purchase of the vehicle.  After the sale on December 30, 2011, defendant and his co-defendant, Raphael Person, dressed in black and armed with assault rifles, went to the sellers' residence, identified themselves as law enforcement, and stole the cash.  A shot was fired during the robbery.  The conspirators then took the stolen vehicle to defendant's wife.  Defendant also received $1,000 from this robbery.  The loss to the victims was $5,900.

Defendant was then involved in negotiating the purchase of a vehicle in Middletown, Ohio, for $18,000.  After the sale on February 17, 2012, two conspirators, dressed in black and armed with assault rifles, went to the victim's business, identified themselves as DEA agents, fired a shot into the air, and stole back the $18,000.  Defendant received the vehicle and $2,000 from this robbery.  In calculating defendant's guideline range, the probation officer applied a two-level enhancement for being an organizer.  The manner in which these robberies were carried out presented a great risk of physical harm to the victims.  The court recognizes that Congress has now decided not to apply an enhanced penalty for multiple §924(c) offenses charged in the same prosecution where the defendant had no prior conviction for a §924 offense.  However, these §924(c) offenses, which involved the discharge of a firearm, were nonetheless serious, and the defendant has already received a somewhat reduced sentence on Count 5 under the terms of his Rule 11(c)(1)(C) plea agreement.

The court also notes that on April 3, 2014, defendant was indicted in the Franklin County, Ohio, Court of Common Pleas in

10

Case No. 14CR1713, for offenses committed on May 2, 2012, within months of the offenses in the instant case. According to the PSR, the indictment charged defendant with aggravated robbery, kidnapping, aggravated burglary, aggravated murder, murder, and impersonating a police officer. The defendant, Raphael Person, and others (who were also members of the conspiracy in the federal case) entered the victim's residence wearing tactical gear and identified themselves as law enforcement. The victim was killed during this home invasion. See State v. Person, No. 16AP-12, 2017 WL 1900476 (10th Dist. Ohio App. May 9, 2017). Following his pleas of guilty to aggravated robbery, aggravated burglary, and the lesser included offense of involuntary manslaughter, defendant was sentenced on December 10, 2015, to a total term of incarceration of 22 years for those offenses, to run concurrently with the federal sentence imposed in the instant case. See https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline (last checked July 13, 2021). Defendant's involvement in this offense further highlights the need for the sentence in this case to provide just punishment, to afford adequate deterrence and to protect the public.

When this court accepted defendant's Rule 11(c)(1)(C) plea agreement, this court determined that the sentence of 360 months agreed to by the parties, which was significantly less than the sentence of 461 months required under the guidelines and the applicable statutory mandatory minimums, was sufficient and no more severe than necessary to satisfy the §3553(a) factors. Considering the facts of this case, as well as the defendant's later involvement in serious state offenses, the reduced sentence of 281 months proposed by counsel would not be sufficient to reflect the

11

seriousness of the offenses, promote respect for the law, provide just punishment, and protect the public from further crimes by the defendant.  See United States v. Windley, Criminal Action No. 19-363 (SDW), 2020 WL 6938336, at *3 (D. N.J. Nov. 25, 2020)(considering significant downward variance provided by 11(c)(q)(C) agreement, further reducing sentence would not properly reflect the seriousness of the offense, afford adequate deterrence, or protect the public); United States v. Sanders, No. 3:12-cv-00183, 2020 WL 6460224, at *9 (M.D. Tenn. Nov. 3, 2020)(where defendant agreed via 11(c)(1)(C) agreement that his original sentence was appropriate, the onus was on the defendant to explain why a substantially reduced sentence would now be appropriate under §3553(a)).

The court also notes that defendant has been in custody since March 26, 2013, and has served approximately 8 years and 4 months of his sentence.  If the court were to follow counsel's recommendation and reduce defendant's sentence to 281 months (23 years and 5 months), defendant would still have a considerable amount of his sentence to serve.  Defendant's circumstances could change during that period of time, and defendant's request for a reduction is premature.  As the government notes, waiting until defendant has served more of his sentence would provide the court with additional information concerning defendant's performance while incarcerated and his rehabilitation efforts.  Such information, which is not currently documented in the record, would be relevant to the court's analysis of the §3553(a) factors and would assist the court in determining whether defendant's early release is appropriate.

The court concludes that the §3553(a) factors warrant denying

12

defendant's motion for a reduced sentence at this time.  Even assuming that defendant's grounds for compassionate release, when considered together, are sufficient to constitute an "extraordinary and compelling reason" for a sentence reduction, that reason is outweighed by the statutory factors which militate against defendant's early release.

IV. Conclusion

    In accordance with the foregoing, defendant's motions for a reduced sentence (Docs. 251 and 262) are denied.

Date:  July 14, 2021	      s/James L. Graham
                                      James L. Graham
                                      United States District Judge